VOELTER et al. v. HOLDERBY. (No. 5883.)

(Court of Civil Appeals of Texas. San Antonio. June 13, 1917. Rehearing Denied June 30, 1917.)

INJUNCTION ⬤⟲175 — DISSOLUTION — EVIDENCE.

Evidence held to show no defense to deed of trust or secured note, given as liquidated damages, or justification for delaying sale thereunder; so that temporary injunction of sale, granted in suit to cancel note and deed of trust, was properly dissolved.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 388.]

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Suit by Ernest J. Voelter and another against Thad J. Holderby. From an adverse order, plaintiffs appeal. Affirmed.

Haynes Shannon, of Navasota, for appellants. H. L. Lewis, of Navasota, and E. A. Berry, of Madisonville, for appellee.

SWEARINGEN, J. This is an appeal by E. J. Voelter and his wife from an order of the district court dissolving a temporary injunction, previously granted without notice. The court dissolved the temporary injunction.

Appellant by his petition sought the cancellation of a note for $1,000, and the cancellation of a deed of trust on his wife's separate property securing the $1,000 note. The note and deed of trust were duly executed by Voelter and his wife. The note was payable to appellee, and after maturity appellee instructed the trustee named in the deed of trust to sell the land to pay the note, which the trustee was proceeding to do. Appellant alleged material injury and inadequate legal remedy, etc., and prayed for the temporary restraining order. The grounds for cancellation of the note and deed of trust were that the note was given as liquidated damages in the event appellants, the payers on the note, made default in the purchase of certain lands from appellee by January 2, 1915.

Appellant alleged that he did not make default, but that appellee refused to sell the land; that appellee failed to comply with several of the conditions of the trade, one of which was that appellee agreed to furnish an abstract which he did not do. It was alleged that the contract was concerning the sale of land, and was not in writing, and there was no written memorandum thereof; that the agreement was conditioned upon the ability of appellant to borrow $5,000 with which to make the first cash payment. As stated, when this was presented to the court in chambers, a temporary restraining order was entered by the court. Subsequently, appellee's motion to dissolve the temporary injunction came on to be heard, all parties were present, and a full hearing had, with the result stated. In appellee's motion to dissolve he denied all the allegations stating appellants' cause of action.

The evidence shows beyond a doubt that the parties made a contract for sale of described land by appellee to appellants, subject to condition of abstracts approved by the same firm of lawyers and payment of $5,000 cash January 2, 1915, by appellants. It shows that appellee demanded and appellants executed the $1,000 note and deed of trust to be used as liquidated damages to appellee if appellant failed to comply with the contract. The deed from appellee to appellants was executed completely and delivered in escrow, together with the purchase-money notes and the $1,000 forfeit note and deed of trust. A written contract of sale was executed explaining all these instruments, and was duly recorded. The escrow holders were instruct-

ed by the parties to this suit to deliver the deed and abstract to appellants when the $5,000 cash was paid, if paid on or before January 2, 1915, and to cancel the $1,000 forfeit note and release the deed of trust. They were also instructed by the parties to deliver the deed to appellee, and also the forfeit note and deed of trust if default was made by appellants in the $5,000 cash payment on January 2, 1915.

Appellants, through no fault of appellee, failed to pay the $5,000 cash on the date specified. The papers held in escrow were disposed of in accordance with the original escrow instructions. Appellee demanded payment of the forfeit note after the default on January 2, 1915, viz., on January 8, 1915. Appellant stated he did not have the money with which to pay it. Thereupon one Mims, who held a mortgage on the land appellant had contracted to buy, offered to lend appellant $1,250 on his note secured by deed of trust on the land of Mrs. Voelter. This appellant Ernest J. Voelter agreed to. The new note and new deed of trust were prepared and executed by Ernest J. Voelter, but held and not to take effect until the wife, Mrs. Voelter, would sign the new note and execute the new deed of trust. Mrs. Voelter refused to sign the new note and deed of trust.

The record shows conclusively that appellants have no legal defense to the $1,000 forfeit note or to the deed of trust, but owe it according to its terms, and the evidence furnishes no justification whatever for delaying appellee in the due collection of the note by having the land sold as provided in the deed of trust.

The judgment is affirmed.